UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **REBECCA ANN DAWSEY** | **CASE NO. 2:17-CV-01678** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KMART CORP ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 39) wherein defendant, Weingarten Realty Management Company ("Weingarten") moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56(a).[1] Weingarten submits that there is no genuine issue of material fact for trial in that the Plaintiff, Rebecca Dawsey, was injured by an open and obvious hazard that did not present an unreasonable risk of harm. For the reasons that follow, the motion will be denied.

## FACTUAL STATEMENT

Plaintiff, Rebecca Dawsey, alleges she sustained injuries when she tripped on an unsecured ramp/walkway plate cover while leaving the Kmart Store in Lake Charles, Louisiana.[2] The accident occurred when the front of Plaintiff's left shoe was caught under the yellow plate.[3] On the date of the accident, which occurred during daylight hours, the weather was clear and dry, and there was nothing that obstructed Dawsey's view of the yellow plate.[4] Defendant, Weingarten, maintains that the front of the plate was clearly

---

[1] This case has been stayed as to Defendant, Kmart Corp. due to bankruptcy. Doc. 23.
[2] Defendant's exhibit 1-Petition for damages ¶ 2.
[3] Defendant's exhibit 3, Answer to Defendant's First Set of Interrogatories, No. 15 and 22.
[4] Defendant's exhibit 2, pp. 79-80; Defendant's exhibit 4.

visible to a person exercising reasonable care and caution; Mrs. Dawsey disputes this, and instead contends that even though the yellow plate was visible, the gap between the concrete sidewalk and the yellow plate was not clearly visible. Mrs. Dawsey further states that the yellow plate actually consisted of two plates together, and that when people walked on the plate adjacent to the one she tripped on, that caused the other plate to move and elevate.[5]

On the day of the accident, Plaintiff's husband, Greg Dawsey, arrived at the scene and observed that the plate was warped, rocked back and forth, and could be picked up about two inches at the place where Mrs. Dawsey had fallen.[6] He also observed that there was a one-inch to one and one-half inch gap between the concrete and the plate while the plate was at rest.[7] Mr. Dawsey returned to the Kmart store the next day and observed that the yellow plate had been removed.[8]

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[5] Plaintiff's exhibit 1, Rebecca Dawsey deposition, p. 74, lns. 13-25; p. 75, lns. 9-25, p. 76, lns. 1-13; Depo. exhibits 9 and 13.
[6] Plaintiff's exhibit 2, Greg Dawsey deposition, p. 28, lns 17-25; p. 29, lns. 1, 4-18, p. 31, lns 3-25, p. 32 lns. 1-7.
[7] *Id.*
[8] *Id.* p. 27, lns. 7-25, p. 28, lns. 1-2, p. 36, lns. 23-25, p. 37, ln.1; Depo. exhibits 4 and 5.

2

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. *Reed v. Wal-Mart, Inc.*, 708 So.2d 362 (La. 1998); *Boyle v. Board of Supervisors,* 685 So.2d 1080, 1083 (La. 1997);

*Entrevia v. Hood*, 427 So.2d 1146, 1149 (La. 1983); *Langlois v. Allied Chemical Corp.*, 249 So.2d 133 (1971). In determining whether a condition is unreasonably dangerous, courts have adopted a risk-utility balancing test. This test encompasses four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature. *Pitre v. Louisiana Tech University*, 673 So.2d 585 (La. 1996), *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509 (1996).

Weingarten argues that it should be dismissed from this lawsuit because there is no genuine issue of material fact that the yellow plate that Mrs. Dawsey tripped on was an open and obvious hazard. The Louisiana Supreme Court has pronounced that summary judgment is appropriate in cases involving an open and obvious defect if there is no genuine issue of material fact. *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851, 859 n.3. (La. 2014). In Louisiana, pedestrians traversing sidewalks and parking lots face normal hazards; in the absence of any material issues of fact, a court may render summary judgment by determining that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. *Temple v. Morgan*, 196 So.3d at 78-80.

"In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all comers." *Christiano v. Southern Soap Recycling*, 131 So.3d 1059, 1063-64 (La.App. 5 Cir. 2013), *citing Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 179 (La. 2013). "The focus on whether an alleged defect is open and obvious is on the global knowledge of everyone who encounters the defective thing or

dangerous condition, not the victim's actual or potentially ascertainable knowledge."
*Taylor v. Chipotle Mexican Grill, Inc.*, 263 So.3d 910 (La. App. 5 Cir. 12/27/18).

Mrs. Dawsey argues that the slightly elevated yellow plate which caught her shoe and caused her to fall was not open and obvious. Submitting photographs of the yellow plates taken on the day of the accident, Ms. Dawsey notes that the elevated part of the yellow plate covered only one corner of the two plates. Thus, she argues that the portion of the yellow plate which caused her fall was not open and obvious because it could not be observed and seen by every person exercising reasonable care. The photographs also reveal the unsecured and worn condition of the plate as well as the gap between the concrete floor and the plate. Ms. Dawsey also submits photographs taken by Mr. Dawsey the day after the accident which reveals that the plate had been removed. Further buttressing her argument, Mrs. Dawsey submits Mr. Dawsey's deposition testimony that the plate shifted or elevated when the adjacent plate was stepped upon.[9] The photographs submitted reveal that the plate is located on the sidewalk of the Kmart store which leads directly into the parking lot and any vehicular traffic traversing the lot.

Additionally, Mrs. Dawsey submits the deposition testimony of Weingarten Realty Management Representative, Paige Burbank, who testified that she was responsible for monthly inspections for this particular store.[10] Ms. Burbank testified that she had inspected the property on several occasions and found no issues with the yellow plate.[11] Specifically,

---

[9] The Court agrees that there is no evidence that someone stepped on the plate which caused it to elevate, but this allegation does seem relevant as to the worn condition of the plate.
[10] Plaintiff's exhibit 3, Weingarten Realty Management Deposition, p. 10, lns. 4-8, p. 11, lns. 12-17.
[11] *Id.* p. 12, lns. 21-25

5

Ms. Burbank testified that each time she inspected the property she would specifically inspect the pad (yellow plate) and "[l]ook for any problems with the sidewalks or ramps.'[12] Ms. Burbank further testified that had she notice the condition of the yellow plate in 2015, she "would have fixed it."[13]

Even considering the cases cited by Weingarten which found certain conditions to be an open and obvious hazard, the Court notes that facts of each case must be considered on a case-by-case basis. *See Broussard v. State ex rel. Office of State Bldgs., et al*, 113 So.3d 175 (La. 2013). Furthermore, none of the cases cited by Weingarten involve a worn and slightly elevated plate which moved when the adjacent plate was stepped upon supplemented by the fact that the person responsible for inspecting ramps and sidewalks did not notice the yellow plate and it's worn condition.

## CONCLUSION

For the reasons set forth above, the Court finds that there are genuine issues of material fact as to whether the yellow plate which caused Mrs. Dawsey to trip was an open and obvious hazard. According, the motion for summary judgment will be denied.

**THUS DONE AND SIGNED** in chamber on this 16th day of October, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Id.* p. 13, lns. 15-18.
[13] *Id.* p. 14, lns. 7-10.